UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID M. KING,

    Applicant,

v.                                                        CASE NO. 8:25-cv-3041-SDM-CPT

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

King applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1), but he neither paid the $5.00 filing fee nor requested leave to proceed i*n forma pauperis*. Local Rules 6.03 and 6.04 direct that the action is subject to dismissal if the fee is not paid or if a motion for leave to proceed *in forma pauperis* is not filed. However, the paper is insufficient to support an application under Section 2254. Rule 4, Rules Governing Section 2254 Cases, requires both a preliminary review of the application for the writ of habeas corpus and a summary dismissal "[i]f it plainly appears from the face of the [application] and any exhibits annexed to it that the [applicant] is not entitled to relief in the district court . . . ."

According to the application and as supported by the online records for both the Sixth District Court of Appeal and the circuit court for Hardee County,[1] King pleaded

---

[1] The district court judicially notices (1) the online docket for the Sixth District Court of Appeal, which docket is accessible by searching King's name at "https://acis.flcourts.gov/portal/search/party" and (2) the online docket for the Circuit Court for Hardee County, Florida, which docket is accessible by searching King's name at "https://www.civitekflorida.com/ocrs/app/ search.xhtml."

*nolo contendere* to failing to register as a sex offender within forty-eight hours of establishing residency within Hardee County, for which he was sentenced to eighteen months' imprisonment (Count 1); that the state filed a *nolle prosequi* for a second charge of failing to register as a sex offender based on different dates (Count 2); and that he pleaded *nolo contendere* for failing, as a sex offender, to report at a driver license office within forty-eight hours of establishing residency in Hardee County (Count 3), for which he was sentenced to five years probation consecutive to the imprisonment under Count 1. After his release from imprisonment King started serving his term of probation for Count 3, which was revoked and he was sentenced to five years imprisonment. Consequently, King appears to challenge two state court judgments, the 2023 judgment to both imprisonment under Count 1 and probation under Count 3 and the 2025 judgment for imprisonment under Count 3.

**2023 Judgment:**

King cannot challenge the 2023 judgment for two reasons. First, King admits (and the online records support) that he filed neither a direct appeal nor a post-conviction proceeding before his release from imprisonment. Consequently, he is time-barred from challenging the 2023 judgment. Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under Section

2244(d)(2) "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The 2023 judgment was entered in October 2023. The one-year limitation began ninety days later in January 2024, *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (explaining that the limitation begins ninety days after entry of the state judgment, which time allows for petitioning for the writ of *certiorari*), and expired in January 2025.

Second, King cannot challenge the 2023 judgment because he is no longer in custody under that judgment. An applicant cannot challenge the validity of a state court conviction unless confined based on the challenged conviction:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). King admits that he completed serving the sentence for Count 1. Consequently, because he is no longer "in custody pursuant to the judgment of a State court" based on the conviction under Count 1,[2] King cannot proceed with his application for the writ of habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 492 (1989), explains:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not.

---

[2] The website for the Florida Department of Corrections discloses that King's current imprisonment is not based on the conviction under Count 1.

*See also Lackawanna County District Attorney v. Coss*, 532 U.S. 398, 403 (2001) ("[W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.").

**2025 Judgment:**

King's current imprisonment is under the 2025 judgment based on Count 3. King admits that he is challenging that judgment on appeal. The online records for the Sixth District Court of Appeal confirm that King's direct appeal pends in 6D2025-2082. Consequently, to the extent the application is construed as challenging the 2025 judgment, this action is premature. King cannot challenge the 2025 judgment in federal court before the state court judgment becomes final.

The application for the writ of habeas corpus (Doc. 1) is **DENIED** to the extent that King challenges his 2023 judgment and **DISMISSED WITHOUT PREJUDICE** as premature to the extent that King challenges his 2025 judgment. The clerk must **CLOSE** this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

King is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA.

- 5 -

Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, King must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because King fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, King is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. King must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on November 19, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE